## EMERICK v. OSWEGO FALLS PULP & PAPER CO.

(District Court, N. D. New York. March 12, 1921.)

**Receivers ⚷183—Complaint in action by receiver should show facts relating to plaintiff's appointment.**

In an action in a federal court by a plaintiff, as receiver, the complaint should show the nature of the action in which the receiver was appointed and the court by which the appointment was made, to the end that his capacity to sue and the jurisdiction of the case by the court may appear.

At Law. Action by Louis W. Emerick, as receiver of the McDermott Contracting Company against the Oswego Falls Pulp & Paper Company. On demurrer to the complaint of the above-named plaintiff, who seeks to recover on a debt owing to the McDermott Contracting Company for work, labor, and materials, and which claim was assigned to said company by the Fulton Contracting Company.

⚷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Four grounds of demurrer are interposed, and were brought on for argument on or about May, 1920. Demurrer sustained, with leave to amend.

Claude E. Guile, of Fulton, N. Y., for plaintiff.

Northrup, Tooke, Lynch & Carlson, of Syracuse, N. Y., for defendant.

RAY, District Judge. The demurrer alleges that on the facts stated in the complaint it appears that this court has not "jurisdiction of the subject of the action"; also that plaintiff has no authority to institute the action, nor the legal capacity to maintain the same; also that the plaintiff is not authorized nor can he be authorized by the bankruptcy court to institute or maintain actions for the receiving of property alleged to belong to the bankrupt estate. This is the third ground of demurrer; then:

"Fourth. That it does not appear affirmatively upon the face of the complaint that there is such a diversity of citizenship as will give this court jurisdiction of the cause of action alleged or of the person of the defendant."

There is no allegation in the plaintiff's complaint showing the nature or character of the suit or proceeding in which the plaintiff, Louis W. Emerick, was appointed receiver of the McDermott Contracting Company. Whether he was appointed receiver in an equity action to conserve assets or in some bankruptcy proceeding does not appear, and the court cannot assume that this suit is ancillary to some action properly brought, and in which the court had jurisdiction, and in which the receiver was appointed. I think the complaint is defective in this particular, and that it should show the nature and character of the action in which the receiver was appointed, and if it be a fact that the court appointing a receiver had jurisdiction of the case, then sufficient facts should be alleged to show that this was the case. When a receiver is appointed by the United States District Court in an equity action of which the court has jurisdiction, the receiver may sue as such to recover the property and assets belonging to the estate he represents, and such a suit by the receiver is regarded and treated as ancillary to the main suit; but facts should be stated showing that there was such a main action or suit, of which the court had jurisdiction.

There will be an order sustaining the demurrer, but with leave to the plaintiff to file and serve an amended complaint within 30 days after service of the order sustaining the demurrer to be entered pursuant hereto.